IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BPI ENERGY, INC., et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **07-186-DRH** |
| | ) | |
| **IEC (MONTGOMERY), LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is the defendants' joint motion to strike certain confidential matters in plaintiffs' second amended complaint. **(Doc. 37).** Defendants want to strike paragraphs 44, 45, 46, 50, 51 and 53 and footnote 9, because they contain "improper allegations relating to confidential business meetings and settlement negotiations," which are protected pursuant to confidentiality agreements **(Docs. 38 and 39)**. Plaintiffs argue that the confidentiality agreements and Federal Rule of Evidence 408 do not shield the defendants from tortious conduct occurring during so-called settlement negotiations. **(Doc. 49).** In reply, defendants argue that the true policy considerations behind Rule 408 and the thrust of the confidentiality agreements dictate striking the aforementioned portions of the Second Amended Complaint. **(Doc. 50).**

The Second Amended Complaint alleges, in relevant part, breach of contract by way of refusing to honor leases and fulfill and wrongly terminating certain leases of mineral rights, and breach of fiduciary duty with respect to a joint venture and strategic alliance agreement. The paragraphs and footnote defendants find offensive are aimed at portraying the defendants as acting in bad faith by luring plaintiffs into what the confidentiality agreements characterize as

1

"confidential negotiations and discussions regarding certain coal seam gas lease agreements which are in dispute," also referred to as "settlement discussions," only to force plaintiffs to make concessions favorable to the defendants.

As a preliminary matter, the Court notes that in the CM-ECF system, it is impossible for the Court to strike matters by interlineation. An entirely new amended complaint would have to be filed.

Federal Rule of Evidence 408(a) precludes evidence of conduct or statements made in compromise negotiations " when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Rule 408 further specifies:

> This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

**Fed.R.Evid. 408(b).**

The Second Amended Complaint is not evidence; rather, it sets forth allegations. Therefore, on its face, Rule 408 is not applicable at this juncture.

Federal Rule of Civil Procedure 12(f) provides that the Court may strike any immaterial, impertinent or scandalous matter from a pleading. The paragraphs and footnote at issue do not objectively strike the Court as immaterial, impertinent or scandalous so as to warrant striking, even though the information and/or allegations may offend the defendants. Paragraph 45 and Footnote 9 are perhaps the most contentious matters, remarking on what plaintiffs characterized as a baseless bribery allegation that defendants had apparently voiced. Whether that material

casts plaintiffs or defendants in a worse light is a matter of perspective. The paragraphs and footnote at issue are presented as allegations and act to put the plaintiffs' claims in context, particularly with respect to the breach of fiduciary duty claim.

With respect to the confidentiality agreements, they are aimed at protecting "any and all statements made and information exchanged" during "negotiations and discussions regarding certain coal seam gas lease agreements which are in dispute." It is undisputed that the matters alleged in paragraphs 44, 45, 46, 50, 51 and 53 and footnote 9 did purportedly occur during the course of settlement discussions; whether the allegations therein are true remains to be seen. The agreement further provides that the parties' discussions are "non-discoverable for any purpose in any legal proceeding. . .and may not be used or referred to for any purpose in any litigation." Nevertheless, the confidentiality agreement cannot afford blanket protection for fraudulent inducement and breach of fiduciary duty. "'Where the settlement negotiations and terms explain and are a part of another dispute they must often be admitted if the trier is to understand the case. 2 Weinstein & Berger, Weinstein's Evidence P 408(5), at 27 (1981).'" ***Central Soya Co. Inc. v. Epstein Fisheries, Inc*.*, 676 F.2d 939, 944 (7th Cir. 1982).** That is not to say that such information will be accepted as evidence in relation to a dispositive motion or at trial; those evidentiary rulings will be made in due course by Judge Herndon.

**IT IS THEREFORE ORDERED** that the defendants' motion to strike **(Doc. 37)** is **DENIED**.

DATED: November 13, 2007          s/ Clifford J. Proud
                                  CLIFFORD J. PROUD
                                  U. S. MAGISTRATE JUDGE