IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY, INC., et al.,**           )
                                         )
       Plaintiffs,              )
                                         )
V.                                       )      Civil No. **07-186-DRH**
                                         )
**IEC (MONTGOMERY), LLC, et al.,**      )
                                         )
       Defendants.              )

## ORDER

**PROUD, Magistrate Judge:**

Plaintiff BPI Energy moved the Court to compel the defendants to produce documents being withheld based on attorney-client privilege, where the only attorney involved is Bruce Webster, who is both an attorney and president of the IEC "LLC" defendants, so the Court can determine the applicability of the asserted attorney-client privilege. **(Doc. 77).** By order dated September 11, 2008, the defendants were directed to produce certain documents listed in their privilege log for in camera inspection. **(Doc. 128).** The Court has now reviewed those documents.

From plaintiff's perspective, the defendants are inappropriately cloaking every document that passed through Bruce Webster with the attorney-client privilege. Defendants generally contend that the fact that Bruce Webster is general counsel for defendant Drummond Company, and simultaneously the sole corporate officer and general counsel for defendant IEC and all of the other "LLC" defendants, does not destroy the confidential nature of his legal communications with and among the defendant corporations. **(Doc. 86).** Defendants assert that in every instance where attorney-client privilege is asserted relative to a document that passed by

1

way of Bruce Webster, Webster was acting in his capacity as general counsel.

In *U.S. v. Evans*, 113 F.3d 1457 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit indicated that it has long adhered to articulation of the attorney-client privilege set forth by well-known legal scholar Dean Wigmore:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.
>
> *Id*. at 1461 (citing 8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 (John T. McNaughton rev.1961)).

> The purpose of the [attorney-client] privilege is to encourage full disclosure and to facilitate open communication between attorneys and their clients. However, because "the privilege has the effect of withholding relevant information," courts construe the privilege to apply only where necessary to achieve its purpose. The mere assertion of a privilege is not enough; instead, a party that seeks to invoke the attorney-client privilege has the burden of establishing all of its essential elements.

***U.S. v. BDO Seidman*, 337 F.3d 802, 810-811 (7th Cir. 2003) (internal citations omitted).**

Among the essential elements of the attorney-client privilege are the requirements that the communication be made to the attorney in confidence, and that the confidences constitute information that is not intended to be disclosed by the attorney." ***Id.* at 811 (internal citations omitted).** "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." ***Upjohn Co. v. U.S.*, 449 U.S. 383, 390 (1981).** "'[T]he privilege protects only the client's confidences, not things which, at the time, are not intended to be held in the breast of the lawyer. . . .'" ***U.S. v. Weger*, 709 F.2d 1151, 1154 (7th Cir. 1983) (quoting *Clanton v. U.S.*, 488 F.2d 1069, 1071 (5th Cir. 1974)).**

2

As generally noted above, Bruce Webster acts as general counsel for defendant Drummond. Webster is the sole officer for defendants Vandalia Energy Company and IEC, the parent company of the LLC defendants. It is undisputed that, as the sole officer of those companies, Webster also acts as general counsel. Thus, it can be said that at times Webster undoubtedly wore "two hats"– sometimes simultaneously for multiple businesses. Under the "common interest" doctrine, an attorney can share information between multiple clients with a shared legal interest (regardless of whether there is actual litigation) without waiving the attorney-client privilege. *See U.S. v. Evans*, **113 F.3d 1457, 1467 (7th Cir. 1997);** *In re Sulfuric Acid Antitrust Litigation*, **235 F.R.D. 407, 416 (N.D.Ill. 2006) (offering an expansive discussion of the doctrine).** However, the nature of the communication must be closely scrutinized to separate Webster's business communications from his legal communications, as the attorney-client privilege is narrow.

In *Kerr v. U.S. District Court for the Northern District of California*, 426 U.S. 394, 405 (1976), the Supreme Court recognized the worthiness and efficiency of in camera review in determining such disputes. Accordingly, the Court has now examined the documents:

> Log entries numbered 3, 9, 13-21, 23, 27, 30, 41, 42, 53, 61, 744-45, 1137-54, 1161-66, 1173-78, 1189-96, 1213-18, 1228-33, 1353, 1355, 1374-75, 1377, 1383-84, 1387, 1411, 1426-39, 1538, 1552, 1557, 1891-92, 2006, 2010, 2032, 2083, 2090-91, 2097, 2103, 2111, 2113-14, 2116, 2121-22, 2132-34, 2173, 2177, 2179-81 and from Defendants' Supplemental Privilege Log, (Ex. G), page 1, entries 6, 8-9, 24-26; page 2, entries 1-5, 7, 9, 20; page 3, entries 15-16; page 4, entries 9-10, 13-16, 26; page 5, entry 26; page 7, entries 3, 20-28; and page 8, entries 5, 8-15.

All of the aforementioned documents, save part of one, are protected from discovery under the attorney-client privilege (and in some instances under the work product doctrine).

3

Document "IECM-Priv 0530" (which actually contains pages 530-535), contains a copy of an executed and notarized lease agreement between IEC (Montgomery), LLC, and BPI Energy, INC. The executed agreement, pages 530-533, by itself, is clearly not protected. However, the remaining pages of that document, pages 534-535, do warrant protection. Arguably, the Court could have extended protection to the document as a whole, but the Court is mindful that privilege is to be construed narrowly.

**IT IS THEREFORE ORDERED** that on or before **October 7, 2008**, the defendants shall produce to the plaintiffs Document "IECM-Priv 0530-0533." All other documents produced for in camera inspection are deemed protected from production and need not be produced to the plaintiffs.

**IT IS SO ORDERED.**

**DATED: September 30, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
