IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BPI ENERGY, INC.,

    Plaintiff,

v.

JONATHAN LEE RICHES,

    Intervenor Plaintiff,

v.

IEC (MONTGOMERY), LLC, et al.,

    Defendants.                                   Case No. 07-cv-186-DRH

## ORDER

**HERNDON, Chief Judge:**

       The purpose of this Order is to clarify the present status of these proceedings. It appears that on July 28, 2008, a Motion to Amend Complaint/Motion to Intervene/Motion for Reconsideration & Clarification was filed by Jonathan Lee Riches (Doc. 122). None of the Parties ever responded to this Motion. Before the Court ruled upon said Motion, Mr. Riches filed a Notice of Appeal on September 15, 2008 (Doc. 132). The record on appeal was prepared by the Clerk and transmitted to the Seventh Circuit.

       Since the appeal was filed, the Court has inadvertently issued Orders

on some procedural issues. It should have refrained from doing so, as the Court's power to proceed further is suspended once a notice of appeal is filed, thereby conferring jurisdiction on the court of appeals.[1] **U.S. v. Veteto, 945 F.2d 163, 165 (7th Cir. 1991)**. Therefore, any further proceedings are hereby stayed until the Seventh Circuit has issued its Mandate regarding the appeal filed by Mr. Riches. The Court notes there are several pending Motions, the most recent of which involve a request to withdraw as Plaintiff's counsel. Yet the Court must refrain from determining this Motion as well until the appeal has been ruled upon and the case is remanded back here for further proceedings. Therefore, the Court hereby **STAYS** this case and all pending deadlines until such further notice. Once the stay is lifted, the Parties may then move for extensions of certain response or other filing deadlines, if necessary.

    **IT IS SO ORDERED**.

    Signed this 29th day of October, 2008.

    /s/     *David R Herndon*
    **Chief Judge**
    **United States District Court**

---

[1] Of these several Orders, extensions of time for filings as well as a motion to compel production were granted – proceedings that were already ongoing prior to the filing of the Notice of Appeal. These Orders, therefore, have not affected the overall substantive outcome of the case and thus, the Court sees no reason to strike them unless directed to do so by the Seventh Circuit or precedential case law. The fact that Mr. Riches' Notice of Appeal appears frivolous and also prematurely filed serves to bolster this decision.