# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY, INC.,**

    Plaintiff,

v.

**JONATHAN LEE RICHES,**

    Intervenor Plaintiff,

v.

**IEC (MONTGOMERY), LLC, et al.,**

    Defendants.                                                                                 Case No. 07-cv-186-DRH

## ORDER

**HERNDON, Chief Judge:**

      Before the Court is a Motion to Amend Complaint/Motion to Intervene/Motion for Reconsideration & Clarification, filed by Jonathan Lee Riches (Doc. 122). Riches moves for reconsideration, but does not identify what he wishes the Court to "reconsider." This request is nonsensical and is thereby denied.

      Next, Riches moves to intervene in this case pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 24**. Specifically, he states that he should be allowed to intervene as a constitutional matter of right under **Rule 24(a)(2)** and also permissively under **Rule 24(b)**. **Rule 24(a)(2)** allows, as a matter of right, one to

intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." **FED. R. CIV. P. 24(a)(2)**. In his Motion, Riches fails to identify any property or transactional interest he may have a claim to, which is the subject of this action. At best, he states that he wishes to intervene "to support plaintiffs claims of breach of fiduciary duties" (Doc. 122). This will not suffice to meet the requirements of **Rule 24(a)(2)**.

Nor will it suffice under the requirements of **Rule 24(b)**, which allows the Court to permit a party to intervene who is either (a) "given a conditional right to intervene by federal statute; or (b) has a claim or defense that shares with the main action a common question of law or fact." **FED. R. CIV. P. 24(b)(1)**. Here, Riches has not cited a federal statute giving him the conditional right to intervene. His "claim" or "defense" also is not sufficiently specified to allow the Court to find it bears a likeness to the common question of law or fact in this matter. Therefore, the Court declines to permit Riches to intervene pursuant to **Rule 24(b)**.[1]

The Court further notes that Riches's Motion to Intervene fails to meet the requirements of **Rule 24(c)**, in which "[t]he motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The Motion itself is vague. There are no

---

[1] Permissive intervention is also allowed pursuant to **Rule 24(b)(2)**, but only by a government officer or agency, which Riches, as an incarcerated inmate, is certainly not.

accompanying pleadings. Instead, Riches states, "My intervention presents questions of laws and facts that are common in this action. I have information, documents, and exhibits, and can be reached below" (Doc. 122). Again, merely stating one has claims in common with the parties to the suit and will provide documents showing as much upon request will not do. For these reasons, Riches is denied the opportunity to intervene in this case.

Lastly, Riches moves to amend the complaint and add a defendant, stating that he wishes to "intervene with a new defendant in an amended complaint" and "moves to add Philip Woolston a/k/a Phillip Woolston as a defendant as he has financial ties with IEC" (Doc. 122). Because the Court has denied Riches the right to intervene, he certainly has no standing to amend the complaint and add a defendant to this action.

Accordingly, Riches's Motion to Amend Complaint/Motion to Intervene/Motion for Reconsideration & Clarification (Doc. 122) is hereby **DENIED** in full.

**IT IS SO ORDERED**.

Signed this 4th day of February, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**