IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY HOLDINGS, INC., et al.**, )
)
      Plaintiffs, )
)
V. ) Civil No. **07-186-DRH**
)
**IEC, LLC, et al.**, )
)
      Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

By order dated April 27, 2009, the Court granted plaintiff leave to file a fourth amended complaint. It has come to the Court's attention that the objection lodged by the defendants **(Doc. 178)** was not discussed. In addition, an understanding of the division of labor between the district judges and the magistrate judges in this district is necessary to understanding why the predominate objections to the proposed amendment are not matters that may be decided by the undersigned magistrate judge. Therefore, the Court will sua sponte **RECONSIDER** its previous order **(Doc. 182)** granting plaintiff leave to file its Fourth Ameded Complaint.

Plaintiff proposed amending the complaint in order to present four claims, rather than nine. **(Doc. 174).** Plaintiff alluded to the possibility that the amendment would render the pending motions to dismiss– all or partially– moot. The Third Amended Complaint **(Doc. 81)** alleged multiple breach of contract claims, breach of fiduciary duty, unjust enrichment, promissory estoppel and tortious interference with contract. Plaintiff sought damages for losses on the contract aspects of the action, punitive damages for the fiduciary and tortious interference aspects of the case, and sought rescission of the contracts. Essentially, plaintiff claims that the

1

defendants used their intricate interrelationships, a series of CBM leases, memoranda of understanding and letters of intent to lead plaintiff into believing the defendants and plaintiff were pursuing mutually beneficial goals, when all the while defendants were pursuing their own interest to the exclusion and detriment of plaintiff. From plaintiff's perspective, the defendants used it like the proverbial cat's paw, gaining valuable coal mining rights at advantageous prices and giving plaintiff nothing in return.

The Fourth Amended Complaint **(Doc. 183)** is premised upon the same underlying factual scenario and alleges breach of contract and tortious interference with contract, similar to the Third Amended Complaint. However, in the Fourth Amended Complaint, fraud in the inducement and promissory fraud are plead. Just as before, plaintiff's prayer for relief includes general monetary damages, punitive damages and recision. Where plaintiff before sought punitive damages in connection with alleged breach of fiduciary duty, plaintiff now seeks punitive damages in connection with promissory fraud.

The defendants object that: (1) the amendment will prejudice them by forcing them to effectively start litigation anew and by requiring additional discovery; (2) plaintiff unduly delayed a major change in strategy by not claiming fraud in the previous three complaints; and (3) the amendments are futile, do not plead fraud with particularity and will not withstand a motion to dismiss.

In this district, the magistrate judges are charged with ruling on all *non-dispositive* pretrial motions, including motions seeking leave to amend the complaint. *See* **Local Rule 72.1(a).** As a matter of general principle, Federal Rule of Civil Procedure 15(a) dictates that leave to amend a complaint "shall be freely given when justice so requires." Nevertheless, leave

to amend may be denied when there has been undue delay, bad faith, when there is a dilatory motive or an opposing party will be unduly prejudiced. ***See Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002).** Because of the aforementioned division of labor, a magistrate judge **rarely** delves into the viability of a proposed claim; those dispositive issues are the prerogative of the district judge assigned to the case. Therefore, this Court was concerned with issues of delay and prejudice in analyzing the motion for leave to amend.

This action has been pending for two years, which alone weighed heavily in favor of denying plaintiff leave to amend the complaint. However, the case has been stayed for approximately six months. The general factual allegations underlying the claims has not changed over time, and the Court finds defendants' cries of prejudice to be exaggerated. This Court does not perceive that the amendment moves the parties and the Court back to "square one," as defendants fear. The Court also does not perceive that a dramatic expansion of the pretrial schedule will be necessary. Moreover, this Court does not view the amendments as merely an attempt to "save the case" from the pending dispositive motions. Although additional dispositive motions may be filed, the Fourth Amended Complaint is narrower and more focused. It remains to be seen whether the new complaint will withstand attack, particularly with respect to the pleading requirements for a fraud claim.[1] On balance, the aforementioned considerations related to delay and prejudice do now outweigh the general preference for permitting amendment.

---

[1] Federal Rule of Civil Procedure 9(b) requires fraud to be averred with particularity, meaning that the relevant "who, what, when, where and how" of the fraud claim must be plead. ***See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *General Electric Capital Corp. V. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).**

3

**IT IS THEREFORE ORDERED** that, upon reconsideration the Court finds no basis for altering its previous ruling granting plaintiff leave to file a Fourth Amended Complaint **(Doc. 182)**.

**IT IS SO ORDERED.**

**DATED: April 28, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
