IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BPI ENERGY, INC.,

    Plaintiff,

v.

IEC (MONTGOMERY), LLC, et al.,

    Defendants.                                                    Case No. 07-cv-186-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

Pending before the Court is Defendants' Appeal of Magistrate's Order Granting Leave to File a Fourth Amended Complaint (Doc. 189), to which Plaintiffs have responded (Doc. 190). The issues are now ripe for determination. Because the Court does not find the Magistrate's decision to be "clearly erroneous," it must affirm the ruling, thereby allowing Plaintiffs' Fourth Amended Complaint to stand.

When attempting to appeal a decision of a Magistrate Judge, **Local Rule 73.1(a)** provides:

> Any party may file for reconsideration of a Magistrate Judge's order determining a motion or matter under Local Rule 72.1(c) within ten (10) days after issuance of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. Such party shall file with the Clerk of the Court, and serve on the Magistrate Judge and all parties, a written request for reconsideration which shall specifically designate the order, or part thereof, that the parties wish the

Court to reconsider. A District Judge of the Court shall reconsider the matter and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule.

Also, under **FEDERAL RULE OF CIVIL PROCEDURE 72(a)**, the Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 395 (1948)); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("**The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.**"). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view." *American Motors Corp. v. Great American Surplus Lines Insurance Co.*, 1988 WL 2788 at * 1 (N.D. Ill. 1988).

In this case, Defendants argue that the Court should set aside the Magistrate's clearly erroneous ruling because allowing Plaintiffs leave to file their Fourth Amended Complaint was not in accordance with **FEDERAL RULE OF CIVIL**

PROCEDURE 15. Specifically, leave to file should not have been allowed because: (1) Defendants will be unduly prejudiced if forced to begin this case anew; (2) Plaintiffs' two-year delay to assert new fraud claims is too long; and (3) Plaintiffs' amendments are futile because they would not withstand a motion to dismiss (Doc. 189).

The Court has reviewed the Parties' respective arguments regarding Defendants' appeal of the Magistrate's decision and their original briefings regarding Plaintiffs' Motion for Leave to File Fourth Amended Appeal. The Court has also reviewed the allegations of Plaintiffs' Third Amended Complaint to compare it with the allegations of Plaintiffs' Fourth Amended Complaint. Unlike Defendants suggest, allowing Plaintiffs' Fourth Amended Complaint to be filed will not force the Parties to start this case anew. Plaintiffs' Fourth Amended Complaint contains many of the same factual allegations as were in the Third Amended Complaint. The Fourth Amended Complaint is comprised of four counts, whereas the Third Amended Complaint was comprised of nine counts. Count 3 of the Fourth Amended Complaint states a claim for breach of contract of the CBM leases and is the same as Count 1 of the Third Amended Complaint. Likewise, Count 4 of the Fourth Amended Complaint states a claim for tortious interference with a contract and is the same as Count 9 of the Third Amended Complaint. Counts 1 and 2 of the Fourth Amended Complaint state claims for fraud in the inducement/rescission and promissory fraud, respectively. Plaintiffs suggest these two Counts are essentially the same as Count 5 of the Third Amended Complaint, which states a claim for rescission of contracts.

Although Counts 1 and 2 of the Fourth Amended Complaint now plead fraud, they stem from similar factual allegations of Defendants' fraudulent behavior as were included in the Third Amended Complaint. In other words, there is no "eleventh-hour surprise" here. Plaintiffs' claims appear to be based upon the same factual allegations and legal theories now as they were before. The damages Plaintiffs now seek – rescission, punitives, compensatory – appear to be the same or very similar to the damages sought in their Third Amended Complaint. Instead, as Plaintiffs suggest, the Fourth Amended Complaint seems to streamline their claims, omitting causes of action based on documents which the Court has previously found to be non-binding (*see* Doc. 114).

As for Defendants' argument that Plaintiffs were dilatory in seeking to amend, the Court notes that this case had been stayed for some time due to Plaintiffs' bankruptcy and also an intervenor's appeal. Therefore, the time from the filing of the Third Amended Complaint to the filing of the Fourth Amended Complaint likely seems longer than it would have otherwise been. As for "futility" of Plaintiffs' fraud claims, as the Magistrate correctly stated, it is not within the purview of a Magistrate Judge to "devle[] into the viability of a proposed claim; those dispositive issues are the prerogative of the district judge . . ." (Doc. 184, p. 3).

In his *sua sponte* reconsideration of his previous order granting Plaintiffs leave to file the Fourth Amended Complaint, Magistrate Judge Proud stated:

> The general factual allegations underlying the claims ha[ve] not changed over time, and the Court finds [D]efendants' cries of prejudice to be exaggerated. This Court does not perceive that

> the amendment moves the [P]arties and the Court back to "square one," as [D]efendants fear. The Court also does not perceive that a dramatic expansion of the pretrial schedule will be necessary. Moreover, this Court does not view the amendments as merely an attempt to "save the case" from the pending dispositive motions. Although additional dispositive motions may be filed, the Fourth Amended Complaint is narrower and more focused . . . . On balance, the aforementioned considerations related to delay and prejudice do no[t] outweigh the general preference for permitting amendment.

(Doc. 184, p. 3.)

As the Court, in its review, generally agrees with the Magistrate's rationale in granting Plaintiffs' leave to file their Fourth Amended Complaint, it can hardly find the decision to be "clearly erroneous," which is needed to grant an appeal.

## III. CONCLUSION

For the reasons discussed herein, the Court does not find the Magistrate's decision to be clearly erroneous and therefore, affirms the Order granting Plaintiffs leave to file their Fourth Amended Complaint. Accordingly, Defendants' Appeal of Magistrate's Order Granting Leave to File a Fourth Amended Complaint (Doc. 189) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 1st day of June, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**