IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY, INC.,**

    **Plaintiff,**

v.

**IEC (MONTGOMERY), LLC, et al.,**

    **Defendants.**                                                              Case No. 07-cv-186-DRH

## **MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

       Before the Court are two pending motions to dismiss: (1) Defendants' Motion to Dismiss Counts III through VIII of Plaintiff's Third Amended Complaint (Doc. 92) and Defendants' Motion to Dismiss Count II of the Third Amended Complaint (Doc. 117). Recently, Plaintiffs have been granted leave by Magistrate Judge Proud to file their Fourth Amended Complaint; the Court having subsequently denied Defendants' Appeal of the Magistrate Judge's Order. Therefore, as Plaintiffs' Third Amended Complaint is no longer viable, the Court must determine whether the merits of the above-mentioned motions to dismiss pertain to the Fourth Amended Complaint.

       In their Third Amended Complaint (Doc. 81) Plaintiffs brought nine counts against Defendants. Their Fourth Amended Complaint (Doc. 183) brings only

four counts. Looking first at Defendants' Motion to Dismiss Counts III through VIII of Plaintiff's Third Amended Complaint (Doc. 92), Count 5 for rescission of contract is factually similar and contains similar legal theories as Count 1 (fraud in the inducement/rescission) and Counts 2 (promissory fraud/punitive damages) of Plaintiffs' Fourth Amended Complaint. However, Counts 3, 4, 6, 7 and 8 of the Third Amended Complaint have not been plead in the Fourth Amended Complaint. As such, Defendants' Motion to Dismiss arguments as they pertain to Counts 3, 4, 6, 7 and 8 of Plaintiffs' Third Amended Complaint are found as moot. The Court also finds Defendants' dismissal arguments pertaining to Count 5 of Plaintiffs' Third Amended Complaint to be moot, even though this cause of action is somewhat restated in Counts 1 and 2 of Plaintiffs' Fourth Amended Complaint.

The reason for the Court's finding is that Plaintiffs sought to rescind the CBM leases and other various "contracts" in their Third Amended Complaint, whereas in their Fourth Amended Complaint, they seek to rescind only the CBM leases. Should to Court attempt to apply the portion of Defendants' Motion to Dismiss as it pertains to any rescission of contract claims Plaintiffs currently state, this would only likely confuse the facts and issues left remaining after Plaintiffs' latest amendment. Additionally, Defendants have since filed another motion to dismiss, pertaining to Counts 1 and 2 of Plaintiffs' Fourth Amended Complaint (Doc. 194). Therefore, the Court believes it most prudent to **FIND AS MOOT** Defendants' Motion to Dismiss Counts III through VIII of Plaintiff's Third Amended Complaint (Doc. 92) in its entirety. Should Defendants wish to again argue for dismissal of Plaintiff's

rescission claims, they should re-file a motion pertaining to Plaintiffs' Fourth Amended Complaint.

The same holds true for Defendants' Motion to Dismiss Count II of the Third Amended Complaint (Doc. 117), as this count was for breach of contract regarding the Osage Letter Agreement. In their Fourth Amended Complaint, Plaintiffs make no such claim. Therefore, the Court also finds this motion to dismiss (Doc. 117) to be **MOOT**.

**IT IS SO ORDERED**.

Signed this 1st day of June, 2009.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**