IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BPI ENERGY, INC.,

    Plaintiff,

v.

IEC (MONTGOMERY), LLC, et al.,

    Defendants.                                  Case No. 07-cv-186-DRH

**ORDER**

**HERNDON, Chief Judge:**

      Pending before the Court is Plaintiffs' Motion to Strike Defendants' Motions for Summary Judgment (Doc. 221), to which Defendants have filed an opposing Response (Doc. 222). Specifically, Plaintiffs ask that the Court strike Defendants' three separate Motions for Summary Judgment (Docs. 214, 215 & 216), as combined, they total more than the 20-page brief limit allowed by the Court's Local Rule 7.1. In the alternative, Plaintiffs ask the Court to strike page 21 forward of the first filed summary judgment motion (Doc. 214) and strike Defendants' two subsequently filed summary judgments motions in their entirety (Docs. 215 & 216). Plaintiffs argue that Defendants filed their three summary judgment motions, each dealing with separate issues, without first seeking leave of Court to file additional pages.

In Response, Defendants assert that their three summary judgment motions were not filed separately in order to avoid the page limits set by the local rules of the Court, but argue instead that there are no rules to limit them to filing only one summary judgment motion. Defendants further assert that the three motions address different issues and that filing them separately was necessary "because granting any of them would narrow the issues before the Court" (Doc. 222, p. 2). Thus, Defendants believe the Motion to Strike should be denied, but in the alternative, request leave for the Court to consider their three motions for summary judgment as filed.

The Court finds Plaintiffs' Motion as well-taken. Many motions for summary judgment are filed with this Court in a variety of cases dealing with several different issues combined into one dispositive motion. In other words, the litigants of this Court must all adhere to the same rules. Local Rule 7.1(d) allows a twenty double-spaced typewritten page limit for all briefs. Although a literal reading of the local rule does not specifically prohibit a party from filing more than one summary judgment motion, the rule also does not lend itself to the interpretation that a party may file one supporting brief per issue raised at the summary judgment stage of the proceedings. For these reasons, Plaintiffs' Motion to Strike (Doc. 221) is **GRANTED**. Further, the Court declines to grant Defendants' alternative request for leave to consider their motions as filed.

Accordingly, Defendants' Motions for Summary Judgment docketed at Nos. 214, 215 & 216 are hereby **STRICKEN** from the record. Defendants may,

however, move for leave of the Court to allow them to file a consolidated motion for summary judgment out of time that meets the page limitation, as the dispositive motions deadline has since passed.

**IT IS SO ORDERED**.

Signed this 28th day of October, 2009.

/s/  David R Herndon

**Chief Judge
United States District Court**