IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BPI ENERGY HOLDINGS, INC., et al.**, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No. **07-186-DRH** |
| ) | |
| **IEC, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court are several related motions:

1. Defendants' motion to compel the plaintiffs to respond to defendants' second set of interrogatories (**Doc. 203**);

2. Defendants' motion to compel the plaintiffs to respond to defendants' requests for production (**Doc. 223**); and

3. Plaintiffs' motion for a protective order relative to information and documents requested by defendants' second set of interrogatories and requests for production (**Doc. 204**).

The defendants' second set of interrogatories and requests for production were propounded after the fourth amended complaint was filed. Plaintiffs objected to defendants' discovery requests, asserting that the requests require conclusions of law and the application of fact to law; and further arguing that the discovery requests required plaintiffs to provide a complete and final evaluation of relevant evidence, which is impossible without first completing their discovery. Plaintiffs anticipated fully answering the interrogatories and requests for production at the final pretrial conference.

As a preliminary matter, the Court observes that the plaintiffs asserted identical objections to each interrogatory and request for production– even to the interrogatory regarding the mere identification of those who assisted in fashioning responses to the interrogatories.  Such a formulaic approach to discovery is obviously inappropriate.  Moreover, one need only read the interrogatories at issue to determine that plaintiffs' contention that the questions require conclusions of law and the application of fact to law is baseless.  The discovery requests plainly request the facts and documents underlying assertions and claims in the amended complaint.

Insofar as plaintiffs plan on completing their discovery before providing responses to the interrogatories, which they predict will be at the final pretrial conference, plaintiffs ignore the scheduling order controlling this case, and the Federal Rules of Civil Procedure.  Discovery must be completed before the final pretrial conference.  Even if plaintiffs had been justified in wanting to postpone responding to the interrogatories until additional discovery had been completed, Federal Rule of Civil Procedure 33 makes clear that a Court order is required.  Plaintiffs never sought such an order.  Plaintiffs only filed their motion for protective order after the time to respond to the discovery requests had passed, and after defendants filed their motion to compel.

Plaintiffs' motion for protective order generally reiterates their basic objections discussed above.  Plaintiffs appear to have forgotten that, in accordance with Federal Rule of Civil Procedure 11(b)(3), all factual allegations in their amended complaint should have been made with evidentiary support or, <u>if specifically so identified</u>, with likely evidentiary support after a reasonable opportunity for further investigation or discovery.  This action was pending for two years before the fourth amended complaint was filed, which is more than a reasonable amount of time to have mustered supporting facts and documents.  When plaintiffs sought leave to file a

fourth amended complaint, they asserted that the amended complaint would be "more narrowly tailored to the facts and issues involved in this case," thereby suggesting that plaintiffs were fully apprized of the facts underlying all claims in the fourth amended complaint.  Therefore, plaintiffs' motion for a protective order is not well taken.  The duty and opportunity to supplement and/or amend one's discovery requests allows plaintiffs sufficient protection from their fear of committing to facts and legal positions.  *See* **Fed.R.Civ.P. 26(e).**  Therefore, there is no valid basis for issuance of a protective order, and plaintiffs have failed to justify their refusal to respond to defendants second set of interrogatories and requests for production.

**IT IS THEREFORE ORDERED** that: (1) plaintiffs' motion for a protective order **(Doc. 204)** is **DENIED**; (2) the defendants' motion to compel plaintiffs to respond to defendants' second set of interrogatories **(Doc. 203)** is  **GRANTED**; and (3) defendants' motion to compel plaintiffs to respond to defendants' requests for production **(Doc. 223)** is  **GRANTED**.  If plaintiffs have not already done so, on or before **December 1, 2009**, plaintiffs shall, without objection, answer defendants' second set of interrogatories, and fully respond to defendants' request for production, and supplement previous discovery responses as necessary.

**IT IS SO ORDERED.**

**DATED:  November 17, 2009**

s/ Clifford J. Proud  
**CLIFFORD J. PROUD**  
**U. S. MAGISTRATE JUDGE**