IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **BPI ENERGY HOLDINGS, INC., et al.**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Civil No. **07-186-DRH** |
| | ) | |
| **IEC, LLC, et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is the plaintiffs' motion to compel defendants to produce unredacted versions of documents IECM054935 through IECM055079 and IECM055139 through IECM055147; or in the alternative, for in camera inspection of those documents. **(Doc. 210).** The documents at issue were produced in accordance with plaintiffs' requests for production Nos. 4 and 5. Plaintiffs contend that the redacted information could possibly pertain to the defendants and, in any event, the redactions render the documents unreadable and virtually useless. **(Doc. 213).** The original documents– notebooks– were created by Kim Burke, but Burke has testified that he does not know if the redacted portions pertain to the defendants because he did not make the redactions.

In response, defendants note that Kim Burke has previously testified that his notebooks contain notations regarding all of the projects he is working on; therefore, only portions will pertain to the defendants. Defendants contend all of the redactions are proper, and that the documents are coherent and useful as redacted. **(Doc. 212).**

Although Kim Burke may not have been able to assuage the plaintiffs' fears that the

1

redactions were improper and made in bad faith, the Court assumes that defendants's counsel, as officers of the Court, made the redactions in good faith and for the stated purpose.  Burke's testimony generally supports redaction, in that he has acknowledged that the notebooks do not pertain exclusively to his work for the defendants.  Plaintiff offers no more than suspicion.

A review of the redacted documents reveals that they are coherent, and presumably useful as redacted.  Therefore, in camera review does not appear to be necessary.

**IT IS THEREFORE ORDERED** that the plaintiffs' motion to compel defendants to produce unredacted documents, or for in camera inspection **(Doc. 210)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 18, 2009**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**