IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY HOLDINGS, INC.**
**f/k/a BPI INDUSTRIES, INC. and**
**BPI ENERGY, INC., f/k/a**
**BPI INDUSTRIES (USA), INC.,**

    **Plaintiffs,**

v.

**IEC (MONTGOMERY), LLC, et al.,**

    **Defendants.**                                    **Case No. 07-cv-186-DRH**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. 193) and supporting memorandum (Doc. 194), to which Defendants have filed their opposing Response (Doc. 200). This case centers around two lease agreements concerning the mining rights of coalbed methane ("CBM"), collectively called the "CBM Leases." Plaintiffs' Fourth Amended Complaint (Doc. 183) alleges claims for fraud in the inducement, promissory fraud, breach of contract, and tortuous interference with a contract. Plaintiffs seek recision of certain contracts transferring coal mining rights (or mining options) for their various Illinois

properties to Defendants. Additionally, Plaintiffs seek monetary damages for Defendants' alleged breach of the CBM Leases as well as punitive damages for Defendants' alleged fraudulent and tortuous actions. Defendants' Counterclaim (Doc. 196) seeks a court order declaring that they were legally justified in terminating the CBM Leases due to Plaintiffs' material defaults and inability to perform, and to require Plaintiffs to deliver a release reflecting termination of the CBM Leases and release the *lis pendens* filed on the property subject to the CBM Leases.

Plaintiffs move for a dismissal of Defendants' Counterclaim, arguing that it is essentially a "mirror image" of Plaintiffs' claims – identical issues between identical parties – which will be resolved by the adjudication of their Fourth Amended Complaint. In other words, Plaintiffs believe there is no independent case or controversy on which the Court has independent jurisdiction to hear Defendants' Counterclaim. Conversely, Defendants argue that because their Counterclaim for declaratory judgment is compulsory, it should not be dismissed as it is the only way they may seek affirmative relief which would not be available to them if the Court were simply to proceed on Plaintiffs' claims. Defendants further argue that the affirmative relief sought is necessary to fully resolve this controversy. For the reasons discussed herein, the Court agrees with Defendants' rationale.

## II.  Discussion

The Court acknowledges that it has discretion to decline to hear an action for declaratory judgment, regardless of whether proper jurisdiction exists. ***Tempo Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 747 (7th**

**Cir. 1987) (collecting cases)**. Under the Declaratory Judgment Act, federal courts may render judgment only where there is an "actual controversy." **28 U.S.C. § 2201;** ***Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)**. Thus, declaratory relief is sought for the purposes of "'clarify[ing] and settl[ing] the legal relations at issue' and to 'terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" ***Tempco*, 819 F.2d at 749 (quoting Borchard, *Declaratory Judgments* 299 (2d ed. 1941))**.

To reiterate, Plaintiffs argue that Defendants' Counterclaim should be dismissed because it amounts to a mirror image of Plaintiffs' claim in that it seeks a determination of rights between the Parties regarding the CBM Leases. As such, Plaintiffs believe the Counterclaim fails to plead facts establishing an independent case or controversy. In response, Defendants argue their Counterclaim should be maintained, offering a persuasive analysis utilizing five considerations[1] applied by

---

[1] The five considerations, borrowed from the Sixth Circuit, are as follows:
(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";
(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction, and
(5) whether there is an alternative remedy that is better or more effective.

***Nucor*, 28 F.3d at 579 (citing *Nationwide Mut. Fire Ins. Co. v. Willenbrink*, 924 F.2d 104, 105 (6th Cir. 1991), noting Sixth Circuit drew heavily from the Supreme Court's decision in *Green v. Mansour*, 474 U.S. 64, 72-73 (1985); also recounting precedent requiring court deciding whether to entertain declaratory judgment suit to examine whether doing so settles particular controversy and clarifies legal relations in issue, citing *Sears, Roebuck & Co. v. Am. Mut. Liab. Ins. Co.*, 372 F.2d 435, 438 (7th Cir. 1967))**.

the Seventh Circuit in **Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. De C.V., 28 F.3d 572, 579 (7th Cir. 1994)**, in determining whether it is appropriate for a district court to exercise its discretion to hear a declaratory judgment action.

This case differs somewhat from the issues before the Seventh Circuit in **Nucor**. In **Nucor**, the only claims before the court were those of the declaratory judgment action, likely filed in anticipation of a lawsuit for breach of contract. Due to the anticipatory nature of the typical declaratory judgment action, such as in **Nucor**, the courts must ensure there is good reason to determine the parties' contractual rights (in order to avoid interfering with the parties' right to contract as they see fit) before proceeding with the action. **See id. at 577 (Declaratory relief should only be granted when there is "an actual, substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.") (citations and internal quotations omitted)**. Additionally, this case is not akin to the situation in **Tempco**, where the Seventh Circuit examined the district court's discretion in declining to hear a declaratory judgment action as an action for trademark infringement had been filed in another district several days thereafter, involving the same parties, facts and issues. **Tempco, 819 F.2d at 747**. Instead, the instant case involves Defendants' Counterclaim for declaratory relief which has not been brought in anticipation of Plaintiffs filing suit, but filed *after* Plaintiffs filed their action for

breach of contract.[2]  Accordingly, the Court finds its analysis must be contoured to fit the specific nuances of such a circumstance.

Defendants explain that their Counterclaim is compulsory in nature, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 13(a)(1)**.  **Rule 13(a)(1)** provides:

> A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>
> (A)  arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> (B)  does not require adding another party over whom the court cannot acquire jurisdiction.

As Defendants assert, their Counterclaim for declaratory relief regarding their right to terminate CBM Leases meet the requirements for a compulsory counterclaim set forth in **Rule 13(a)(1)** in that it arises out of the same transaction or occurrence as Plaintiffs' claim for breach of the CBM Leases.  Also, the Counterclaim does not attempt to join additional parties.

The fact that the Counterclaim arises from the same transaction or occurrence as is the subject matter of Plaintiffs' suit makes for an easy argument that the Counterclaim becomes a "mirror image" of Plaintiffs' claims.  In other words, before dismissal of the Counterclaim as being redundant, it must be shown that a determination of Plaintiffs' claims will obviate the need for declaratory relief.  To

---

[2] The Court acknowledges that Defendants actually filed a declaratory judgment action in Alabama before Plaintiffs filed this suit.  However, the Alabama action was dismissed for improper venue and so Defendants filed their Counterclaim in the instant action, seeking substantially the same relief (*see* Doc. 200, p. 2).

explain, the Court highlights a legal treatise excerpt which illustrates an example of a declaratory judgment counterclaim in a breach of contract action:

> A careful inquiry into the actual identity of the issues raised by the claim and the counterclaim also makes sense in other contexts. For example, in a breach of contract action defendant may counterclaim for a declaration that the contract is terminable at will. Although the same contract may be involved in both claims, the question sought to be adjudicated by defendant's request for declaratory relief is not identical to that raised by plaintiff's claim and will not become moot even should the court render a decision on the merits of the original claim. Thus, the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.

**6 THE LATE CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1406 (2d ed. Supp. 2009) (internal citations omitted)**. Again, although the instant matter does not specifically parallel the situation described by the preceding quoted excerpt, it cautions a court to act with prudence when determining whether to dismiss a compulsory counterclaim for declaratory relief.

Here, the Court agrees that the Counterclaim will address many of the same facts and legal issues raised by Plaintiffs' suit, however, Defendants have a right to seek a declaration that their interpretation of the CBM Leases which lead to their decision to terminate was legally justified. A determination of Plaintiffs' breach of contract claim in Defendants' favor may only result in a judgment of non-liability, rather than making specific findings interpreting the contractual provisions of the CBM Leases. Further, a determination of only Plaintiffs' claims would not provide

the other affirmative relief Defendants seek by their Counterclaim: a release of the CBM Leases by Plaintiffs and removal of the *lis pendens* filed on the property subject to the CBM Leases.  Therefore, Defendants would either be left without a remedy or would be forced to re-file their action.[3]  In sum, Defendants' Counterclaim provides for better efficiency in the judicial administration of the issues surrounding the CBM Leases and eliminates the risk of inconsistent judgments if Defendants were to file their declaratory action in another court.  For these reasons, the Court must exercise its discretion and allow Defendants' Counterclaim to remain.

### III.  Conclusion

Finding that Defendants' Counterclaim is not merely a mirror image of Plaintiffs' suit because it seeks relief unavailable to Defendants should only the merits of Plaintiffs' claims be determined, Plaintiffs' Motion to Dismiss Defendants' Counterclaim (Doc. 193) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of January, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**

---

[3] Moreover, the same would hold true if Plaintiffs were to voluntarily dismiss their claims. Yet, at this point in the proceedings, a voluntary dismissal would only occur pursuant to Court order in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** because Defendants have already filed their Answer.