IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BPI ENERGY HOLDINGS, INC.**
**f/k/a BPI INDUSTRIES, INC. and BPI ENERGY, INC.,**
**f/k/a BPI INDUSTRIES (USA), INC.,**

    Plaintiffs,

v.

**IEC (MONTGOMERY), LLC, et al.,**

    Defendants.                               Case No. 07-cv-186-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is Defendants' Objections and Motion to Strike BPI's Summary Judgment Evidence (Doc. 249), to which plaintiffs BPI Energy Holdings, Inc. and BPI Energy, Inc. ("Plaintiffs" or collectively, "BPI") have responded in opposition (Doc. 250) and Defendants thereafter replied (Doc. 251). Defendants assert several objections regarding certain evidentiary exhibits used by BPI in support of its opposing Response (Doc. 246) to Defendants' Motion for Summary Judgment (Doc. 238). As set forth in this Order, Defendants' request shall be granted in part and denied in part.

## II. Discussion

In sum, Defendants request that the Court strike Exhibits 4, 5, 6, 14, 15 and paragraph 5 of Exhibit 16 of Plaintiff's Response (Doc. 246) on the grounds that the use of such evidence not only violates the terms of the Parties' confidentiality agreements, but also because it violates **FEDERAL RULE OF EVIDENCE 408**. Defendants also seek to strike the Affidavit by David A. Giannini (Doc. 246, Ex. 18), arguing that BPI failed to disclose him as a potential fact or expert witness and also move to strike paragraphs 5 through 7 of his Affidavit as improper expert opinion testimony. Defendants further seek to strike paragraphs 4, 5, 6 and 8 of the Affidavit of Alan Lolie (Doc. 246, Ex. 17), arguing that they constitute irrelevant and improper legal conclusions. Lastly, Defendants seek to strike paragraph 5 and the last line of paragraph 3 of the Affidavit of James G. Azlein (Doc. 246, Ex. 16), based on the argument that paragraph 5 relates to alleged settlement discussions and the last line of paragraph 3 is speculative and lacks foundation. The Court will address each item in turn.

### A. Evidence Stemming From Settlement Negotiations

Defendants claim the following exhibits submitted to support BPI's opposing Response to Defendants' Motion for Summary Judgment (Doc. 246) should be stricken because they contain alleged statements and conduct made during settlement negotiations between the Parties, which Defendants argue is prohibited by **FEDERAL RULE OF EVIDENCE 408** and in violation of the terms of the Parties' two

confidentiality agreements.  Defendants identify BPI's challenged exhibits as follows:

> <u>Exhibit 4</u> - a memorandum drafted by BPI's in-house counsel about the dispute and scheduling a confidential settlement meeting (Doc. 246, Ex. 4);
>
> <u>Exhibit 5</u> - notes taken by a Drummond representative (one of the Defendants) at the September 2006 settlement meeting (*Id*., Ex. 5);
>
> <u>Exhibit 6</u> - a letter from BPI rejecting a proposed revised lease agreement sent in furtherance of the Parties' discussions (*Id*., Ex. 6);
>
> <u>Exhibit 14</u> - a proposed revised lease agreement from Defendants to BPI, sent in furtherance of the Parties' discussions (*Id*., Ex. 14);
>
> <u>Exhibit 15</u> - notes taken by a Drummond representative at the February 2007 settlement meeting (*Id*., Ex. 15); and
>
> <u>Paragraph 5 of Exhibit 16</u> - Affidavit of James Azlein which purports to relay statements allegedly made during the first settlement meeting by Gary Drummond (*Id*., Ex. 16).

(Doc. 249, p. 2.)

It appears that the Parties engaged in two separate settlement meetings prior to the filing of this lawsuit, the first occurring on September 11, 2006 (Doc. 249, Ex. A), the second on February 9, 2007 (*Id*., Ex. B).  For each meeting, the Parties entered into what they titled a "Confidentiality Agreement."  Each of the two agreements read, in pertinent part:

> The [P]arties agree that any and all statements made and information exchanged may be used by the [P]arties solely for the purpose of settlement discussions and are intended to be and will be confidential.  Any such statements made during the course of the meetings . . . and during any meeting or discussion relating to or in

> connection with such meeting that occurs within 30 days thereof,[1] are intended by the [P]arties to be settlement discussions made without prejudice to any [P]arty's legal position, non-discoverable for any purpose in any legal proceeding, including arbitration proceedings, and not admissible into evidence consistent with Rule 408 of the Federal Rules of Evidence and may not be used or referred to for any purpose in any litigation. Any information disclosed by any [P]arty, or by any representative of any [P]arty, or by a witness on behalf of any [P]arty, in such meetings is intended to be confidential. No privilege is intended to be waived by any such disclosure.

(Doc. 249, Exs. A & B - Confidentiality Agreements, p. 1.)

**FEDERAL RULE OF EVIDENCE 408** provides:

(a) Prohibited uses.--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

---

[1] The first agreement listed the date of the first meeting: September 11, 2006 (Ex. A), the second agreement listed the date of the second meeting: February 9, 2007, and thus the 30-day confidentiality window applies to each date, respectively.

**Rule 408** excludes settlement offers or other conduct or statements made during settlement negotiations in order to encourage disputing parties to attempt to resolve their conflict outside of the courtroom. *See Zurich Am. Ins. Co. v. Watts Industries, Inc.*, **417 F.3d 682, 690 (7th Cir. 2005)**. Otherwise, to allow these settlement offers or statements to come into evidence as admissions of liability could "chill voluntary efforts at dispute resolution." ***Id.* (citing *Perzinski v. Chevron Chem. Co.*, 503 F.2d 654, 658 (7th Cir. 1974))**. When considering whether to admit such evidence, courts need to weigh the need for the settlement evidence against its potential to deter further negotiations between the parties. ***Id.* (citing *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 484 (7th Cir. 2000))**. When the evidence arises from a dispute distinct from the one in which it is being offered, courts are more apt to allow its admission. ***Id.* (citation omitted)**. Reasons for which settlement evidence may be considered admissible are for purposes of rebuttal, impeachment, to show a witness's knowledge and intent, to demonstrate a continuing course of reckless conduct or to prove estoppel. ***Id.* (citing *Bankcard*, 203 F.3d at 484)**

In this case, although BPI argues that the challenged exhibits should be admitted because it demonstrates that Defendants never intended to settle or negotiate a settlement. Therefore, BPI argues that the policy behind **Rule 408** is essentially moot in this instance because it believes Defendants' settlement efforts were a mere pretense (Doc. 250, p. 2). Further, BPI argues that this evidence is

being offered to for another purpose other than to demonstrate Defendants' liability. BPI asserts that this evidence is needed to show the knowledge and intent of defense witness Gary Drummond as well as to impeach his testimony claiming his company entered into the underlying agreements with BPI in good faith (*Id*. at 3-4).

In reply, Defendants argue that "Rule 408 would be rendered a nullity if a proponent could circumvent the rule (and two agreements) merely by claiming that the other party's settlement efforts were for "delay" or in "bad faith" (Doc. 251, p. 1). The Court agrees with Defendants. It is not enough for BPI to claim that Defendants attended the two settlement meetings in bad faith. Further, these challenged exhibits arise from the dispute at issue in this suit, not from a distinct dispute. Additionally, the evidence these exhibits are being used to support does not merely pertain to the impeachment of Gary Drummond's testimony, but also seems to directly support its various contractual and fraud claims. BPI has not otherwise demonstrated how the exhibits as cited in their summary judgment response, only pertain to impeach Gary Drummond rather than as evidence as to Defendants' alleged liability. Therefore, the Court finds that any of the challenged exhibits which are prohibited by the express terms of **Rule 408** or the two confidentiality agreements between the Parties will be stricken for purposes of their use in BPI's opposing Response to Defendants' Motion for Summary Judgment (Doc. 246).

The Court finds that BPI's Exhibits 4, 5, and 15 are clearly stem from the settlement meetings or else are within the exclusionary scope of the Parties' confidentiality agreements and should therefore be stricken. Regarding Exhibits 6

and 14, as BPI points out, these exhibits are not within the 30-day time frame of the confidentiality agreements (Doc. 250, p. 3, n.1). Also, from a review of these exhibits and the manner in which they are cited by BPI in its opposing response, the Court is unable to conclusively deem either exhibit as "settlement evidence." Exhibit 6 is a letter, dated January 4, 2007, from President and CEO of BPI James Azlein, to Defendants' General Counsel Bruce Webster (Doc. 246, Ex. 6). Although Defendants assert that this letter rejects a proposed revised lease agreement sent in furtherance of the Parties' discussions, there is nothing to indicate to the Court either in the letter or otherwise that it stems from the settlement meetings. The same holds true for Exhibit 14, which Defendants claim is a proposed revised lease agreement from Defendants to BPI, sent in furtherance of the Parties' discussions. The cover letter for this proposed revised lease is dated December 29, 2006. Again, there is nothing indicating to the Court that this proposed lease agreement was drafted (or sent) pursuant to discussions during the Parties' settlement meetings. Accordingly, the Court will refrain from striking these exhibits.

Regarding paragraph 5 of Exhibit 16, which is the Affidavit of James Azlein, the Court finds the last sentence to be within the 30-day time frame of the first confidentiality agreement (pertaining to the September 11, 2006 settlement meeting), and so that portion shall be stricken.

**B.    Affidavit of David A. Giannini**

Defendants also move to strike BPI's Exhibit 18, which is the Affidavit of David A. Giannini, as sanctions pursuant to **FEDERAL RULE OF CIVIL PROCEDURE**

**37**, for BPI's failure to previously disclose Giannini as a potential fact or expert witness (Doc. 249, pp. 3-4). In response, BPI contends that Giannini is a rebuttal witness and therefore, prior disclosure was not possible nor required (Doc. 250, pp. 4-5, citing SD-IL Model Final Pretrial Order, Section V(C), allowing for parties to call rebuttal witnesses as necessary without prior notice to the other party). The Court agrees, finding that BPI uses the Giannini Affidavit as rebuttal evidence for Defendants' arguments and so there was no need to previously disclose him as a witness. Therefore, the Court declines to strike Exhibit 18 of BPI's opposing Response to Defendants' Motion for Summary Judgment (Doc. 246).[2]

C.   **Affidavit of Alan Lolie**

Similarly, Defendants move to strike paragraphs 4, 5, 6 and 8 of Exhibit 17 – the Affidavit of Alan Lolie – claiming irrelevance and improper legal conclusions. Responding, BPI explains that Lolie's averments are made from his first-hand knowledge, claiming that he directly negotiated the agreement for coal and coal bed methane rights between Shelby County and BPI. Considering the Parties' respective arguments, the Court declines to strike the Lolie Affidavit, finding that his is not expert testimony nor does he attempt to draw legal conclusions that would mislead the Court or impact its ability to remain an unprejudiced trier of fact.

---

[2] The same holds true for paragraphs 5 -7 of the Giannini Affidavit, which Defendants argue is improper expert opinion testimony based in part on admissible hearsay. The Court finds that prior disclosure was not required and overrules their hearsay objection.

**D.     Affidavit of James G. Azlein**

Lastly, Defendants also move to strike the last line of paragraph 3 of Exhibit 16 - Affidavit of James G. Azlein, asserting that his opinion of Garry Drummond's intent is speculation and lacks foundation.  Defendants further move to strike paragraph 4, arguing it consists of speculation and lacks foundation, and paragraph 13, in that it is admittedly based only "on information and belief," not Azlein's personal knowledge.[3]

The Court finds that paragraphs 3 and 4 of the Azlein Affidavit do not constitute speculation nor do they evince a lack of foundation.  As BPI explains, Azlein was BPI's President and CEO at the time of the events giving rise to this dispute and therefore, he is able to state what course of action he would have taken but for Defendants' alleged fraudulent actions.  As to paragraph 13, BPI states that this allegation is "superfluous and immaterial because the lease only required that BPI obtain the insurance, not that it provide any specific proof to Defendants that coverage had been obtained."  The Court thus takes this as an admission on the merits that it should be stricken.

---

[3] Defendants also objected to paragraph 5 of the Azlein Affidavit as being inadmissible settlement evidence.  The Court has already addressed this argument, *supra*, in this Order and has ruled that the second sentence (last sentence) of paragraph 5 should be stricken.

## IV. Conclusion

For the reasons stated herein, Defendants' Objections and Motion to Strike BPI's Summary Judgment Evidence (Doc. 249) is **GRANTED IN PART AND DENIED IN PART**. The following exhibits from BPI's opposing Response to Defendants' Motion for Summary Judgment (Doc. 246) are hereby **STRICKEN** as evidence and thereby barred from the Court's consideration:

- Exhibit 4;
- Exhibit 5;
- Exhibit 15; and
- Exhibit 16 - (the second sentence in paragraph 5 and all of paragraph 13 only).

The remaining exhibits challenged by Defendants shall remain part of the record for the Court's consideration.

**IT IS SO ORDERED**.

Signed this 12th day of July, 2010.

/s/ David R. Herndon
**Chief Judge
United States District Court**